**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**LARRY BLAINE PAINTER**                                                                                       **PETITIONER**
Reg # 14746-045

VS.                              No. 2:10-cv-00061 SWW-BD

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                                                                      **RESPONDENT**

**RECOMMENDED DISPOSITION**

I.      **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. A party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date on the Recommended Disposition. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

Pending is Petitioner Larry Blaine Painter's Petition for Writ of Habeas Corpus (docket entry #2). For the following reasons, the Court recommends that the District Court summarily dismiss the Petition without prejudice.

## II. Background

On August 25, 2003, a federal judge in the Western District of Missouri sentenced Petitioner to a 180 month term of imprisonment after Petitioner pled guilty to firearm possession offenses in violation of 18 U.S.C. § 922(g)(1) and (3).[1] After his conviction, Petitioner appealed his sentence to the Eighth Circuit Court of Appeals on the ground that the sentencing court should not have considered a prior California burglary conviction as a crime of violence for purposes of applying 18 U.S.C. § 924(e), an enhanced sentencing provision. *U.S. v. Painter*, 400 F.3d 1111 (8th Cir. 2005). The Court of Appeals rejected Petitioner's argument and affirmed the district court's judgment. *Id*.

On November 21, 2006, Petitioner filed a petition under 28 U.S.C. § 2255, in the Western District of Missouri claiming his prior burglary conviction was not a "violent felony" and should not have been considered as one for sentencing purposes. *Painter v. U.S.*, 2007 WL 1051682 (W.D.Mo. 2007). The district court rejected this claim and denied the § 2255 petition. The Court of Appeals denied Petitioner's motion for a

---

[1] Petitioner is currently serving his sentence at the Federal Correctional Institution in Forrest City, Arkansas.

Certificate of Appealability. *Painter v. U.S.*, Case No. 07-2468 (8th Cir. December 4, 2007).

On December 31, 2007, Petitioner brought a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2241. Petitioner's claim challenged the validity of a Missouri state escape conviction. This Court held it lacked jurisdiction to address the validity of the Missouri conviction because Petitioner was no longer in custody under the state sentence. On August 18, 2009, the Eighth Circuit affirmed. *Painter v. Outlaw*, 324 Fed.Appx. 47, 48, 2009 WL 2502122 (8th Cir. 2009).

In his current habeas petition, Petitioner claims that his Missouri escape conviction was wrongly deemed a violent felony by the federal sentencing court under the Armed Career Criminal Act, 18 U.S.C. § 924(e). (#3 at p. 3) More specifically, Petitioner claims the escape was a "walkaway escape" from confinement in a facility with "no fences, locked doors or guards," and under the United States Supreme Court's decision in *Chambers v. United States*, --- U.S. ---, 129 S.Ct. 687 (2009), the escape conviction can no longer be characterized as a violent felony. (#3 at p. 3, 22)

III.   **Discussion**

This Court is without jurisdiction to hear Petitioner's habeas petition. A challenge to the validity of the sentence itself must be brought under 28 U.S.C. § 2255 in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (citing *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995)); accord *Alevras v. Snyder*, No.

99-2467, 1999 WL 1059831 (8th Cir. Nov.16, 1999). Petitioner's claim is a challenge to his sentence that must be brought in the Western District of Missouri.

Moreover, Petitioner has previously filed a petition with the sentencing court under 28 U.S.C. § 2255, which was denied, *Painter v. U.S.*, 2007 WL 1051682 at *1 (W.D.Mo. 2007), and the Court of Appeals denied Petitioner's motion for a Certificate of Appealability. *Painter v. U.S.*, Case No. 07-2468 (8th Cir. December 4, 2007). Under 28 U.S.C. § 2255(h), a second or successive petition must be certified by the Court of Appeals. Petitioner recently sought certification from the Eighth Circuit Court of Appeals to file a second or successive petition, but was denied. See *Painter v. U.S.*, No. 10-1151, slip-op at 1 (8th Cir. March 3, 2010).

IV.   **Conclusion**

The Court recommends that the District Court summarily dismiss Larry B. Painter's Petition for Writ of Habeas Corpus (#2) without prejudice for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases[2] and deny the Motion for Leave to Proceed *In Forma Pauperis* (#1) as moot.

DATED this 6th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 4 of the Rules Governing Section 2254 Cases is applicable to petitions filed under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases.